Coleman *v.* Goben et al.

[No. 2,070.    Filed November 24, 1896.]

Officers.—*Collecting Illegal Fees.—Penalty.—Statute Construed.—* A borrower from the school fund, having failed to pay the interest on such loan for a number of years, paid to the county treasurer, on demand of the auditor, the two per cent. penalty required by section 5815, Burns' R. S. 1894, and the auditor issued warrants drawn upon the county revenue fund to the county attorney for services as attorney rendered in and about the collection of said penalty. *Held,* that no action would lie against the officers for the collection of illegal fees under section 6549, Burns' R. S. 1894.

From the Montgomery Circuit Court. *Affirmed.*

*G. W. Paul* and *H. D. VanCleave,* for appellant.

*Finley P. Mount, Wright & Seller, Kennedy & Kennedy* and *Crane & Anderson,* for appellees.

LOTZ, C. J.—The errors assigned in this case are the sustaining of the appellees' separate demurrers to the first and third paragraphs of the appellant's complaint.

These paragraphs are unskillful and bungling in their construction and contain many averments which have little, if any, relevancy to the cause of action attempted to be stated.

The substantial averments, as we gather them, are about as follows: The appellant was a borrower from the school funds of Montgomery county, and had executed two mortgages upon real estate to secure the loans. He had failed to pay the interest thereon for a number of years. The appellee, Goben, as the auditor of the county, in requiring him to pay the delinquent interest demanded the two per cent. damages, as required by the terms of the mortgage and by section 5815, Burns' R. S. 1894. This penalty the appellant paid to the appellee, Johnson, who was county treasurer, and Goben issued a quietus therefor to appellant. The appellee, Mount, was the county attorney, and Goben issued warrants to Mount for his services as attorney rendered in and about such collections. These warrants, however, were not drawn upon the money paid by the appellant, but upon the fund known as county revenue.

The statute, section 6549, Burns' R. S. 1894, provides that if any county, township or other public officer shall obtain any fee or sum of money denied him by law the person aggrieved shall have an action against such officer for the recovery of such money, together with a penalty. But the auditor did not obtain any part of the money paid by appellant, nor did the county attorney, Mount, nor was the county attorney a public officer. The treasurer, Johnson, did not demand or exact the payment of the money. So

far as he was concerned it was but a voluntary payment, and there is no charge that he made any claim to any part of it.

There was no error in the rulings complained of. Judgment affirmed.